PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
CHRISTOPHER S. HALES
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>CERTIFIED CHECK IN THE AMOUNT OF $1,500,000,<br><br>        Defendant. | 2:16-MC-00152-TLN-DB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.    Potential claimant Mary's Gone Crackers, Inc. ("MGC", the "Company", or "claimant") agreed and stipulated that the following Statement of Facts is true and accurate. The Company admitted, accepted, and acknowledged that it is responsible for the acts of its officers, directors, employees, and agents as set forth below. The parties also agreed that nothing in this Consent Judgment or any other documents filed herein is, or should be in any way construed as, an acknowledgment or knowledge of any conduct resulting in civil liability or criminal culpability on the part of the Company or any of its directors, officers, management or other employees.

2.    MGC is a food industry company that makes gluten-free cookies and crackers. MGC is based in Gridley, California and has its baking facility there. On or about December 31, 2012, after the conduct described below, MGC was acquired by an unrelated entity and is now a wholly owned subsidiary of that entity. On March 29, 2012, United States Immigration and Customs Enforcement

1  ("ICE") notified MGC that ICE would be conducting an audit of MGC's I-9 forms by delivering a notice of inspection letter to MGC in Gridley. ICE provided MGC notice that ICE representatives would return on April 3, 2012 to collect MGC's I-9 forms for review.

3. On May 4, 2012, ICE sent MGC a "Notice of Suspect Documents" letter notifying MGC that the right-to-work documentation provided by 49 of its employees did not satisfy the Form I-9 eligibility verification requirements, and that those 49 individuals appeared not to be authorized to work in the United States. One employee of the 49 provided corrected documentation. On Friday, May 18, 2012, MGC informed ICE that the other 48 employees had either been terminated or resigned.

4. One of the 48 employees supposedly terminated or resigned never stopped working for MGC at all in May 2012. That employee, an operations supervisor, continued working at MGC under a new assumed name. Several MGC employees knew this employee was not eligible to work in the United States. MGC subsequently started paying that individual as an independent contractor, rather than under MGC's ordinary payroll. Approximately five months later, on or about September 30, 2012, that employee was terminated by MGC for other reasons.

5. Between June 1 and June 5, 2012, MGC rehired 12 more people who it had previously represented to ICE had been terminated or resigned, all of them under new names. Most of these individuals were production shift supervisors. In total, MGC employed at least 13 people under new names following the I-9 audit. During the course of the I-9 audit and rehiring of individuals, MGC at times consulted with an outside counsel from the Chico area.

6. On January 31, 2013, a search warrant was executed by federal law enforcement at MGC's facility in Gridley, California. At that time, at least 12 individuals rehired under new names were still working at MGC. After the execution of the search warrant, MGC substantially revised its immigration compliance procedures.

7. The Company agreed to pay a forfeiture monetary penalty in the amount of $1,500,000 (the "defendant funds"). On August 18, 2016, the Company delivered the payment via cashier's check made payable to the U.S. Customs and Border Protection to the U.S. Attorney's Office, Att: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

8. The parties agree that the defendant funds are forfeitable to the United States pursuant to

8 U.S.C. § 1324(b) and 18 U.S.C § 982(a)(6).

9. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant funds.  Claimant acknowledged that it is the sole owner of the defendant funds, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant funds, claimant shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant funds were seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of this Consent Judgment of Forfeiture, $1,500,000, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 8 U.S.C. § 1324(b) and 18 U.S.C § 982(a)(6), to be disposed of according to law.

15. The Company acknowledged that no United States tax deduction may be sought in connection with the payment of any part of this $1,500,000 forfeiture.

16. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  The United States released Claimant and its officers, directors, employees, and agents from any liability arising out of or in any way connected with the seizure or forfeiture of the defendant funds.  This is a full and final release applying to

all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any civil or criminal litigation pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant funds.

IT IS SO ORDERED.

Dated: September 7, 2016

_____
Troy L. Nunley
United States District Judge